UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OSCAR MONTES,

        Petitioner,

v.

        Case Number 06-14539-BC
        Honorable Thomas L. Ludington

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Oscar Montes, a state prisoner, is currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, and seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of kidnapping following a jury trial in the Wayne County Circuit Court and was sentenced to 30 to 60 years imprisonment. In his application, Petitioner challenges the validity of his sentence and the trial court's jury instructions. The Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief on the claims contained in his petition. The Court, therefore, will deny the petition. The Court will also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

I

Petitioner's conviction arises from the kidnapping of a young girl in Detroit, Michigan, on April 13, 1999. The Michigan Court of Appeals set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F.App'x 730 (6th Cir. 2002), as follows:

On April 13, 1999, the four-year old victim and her nine-year-old sister walked from their home in Detroit to the corner store, approximately three houses away. As the girls entered the store, the victim's sister saw defendant turn his truck around on McGraw Street and drive toward the store. As the girls walked out of the store, defendant approached the girls on foot and offered the victim some chewing gum. Defendant then grabbed the victim's sister, who kicked and fought until she escaped defendant's grip. However, defendant was able to grab the victim and put her into the front seat of the truck, through the driver's side door. Defendant then entered the truck and sped away as the victim stood up and began scratching and hitting the back window of the truck.

Ramon and Esther Hernandez were driving past the store as the incident occurred and saw defendant grab the victim and put her in his truck. They followed defendant's truck as he tried to drive towards the freeway, and were able to pursue him as he then drove at high speeds through a red light at Michigan Avenue and toward a truck yard on John Kronk Street. Esther Hernandez testified that the victim was screaming and crying inside the truck. During the pursuit, the Hernandez' saw a police car and Ramon Hernandez beeped his car horn and Esther Hernandez began screaming to get the officer's attention. Esther Hernandez told the officer that that the driver of the truck in front of them had kidnapped a young girl. The officer pulled up beside the truck and saw the victim crying through the passenger window. At first, defendant ignored the officer's flashers and gestures to pull over. However, defendant eventually pulled into a gas station and, thereafter, was placed under arrest. When police searched defendant, they noticed that the zipper of his pants was open and that he was carrying candy, gum, and climax control lotion. Defendant testified that he picked up the victim merely to help her find her mother.

*People v. Montes*, No. 223539, 2002 WL 484613, *1 (Mich. Ct. App. March 22, 2002) (unpublished), vacated and remanded as to sentencing issue, *People v. Montes*, No. 223539 (Mich. Oct. 3, 2003).

At the close of trial, the trial court instructed the jury on the elements of the offense, the fact that Petitioner was presumed innocent until proven guilty, the prosecution's burden of proving Petitioner guilty beyond a reasonable doubt, and other relevant issues. *See* Trial Tr. 164-82, Sept. 8, 1999. The court instructed the jury on the defense of consent as follows:

There has been some evidence in this case about the defense of consent. A person consents to an act by agreeing to it freely and willingly without being forced or coerced. It is not necessary to show that [the victim] resisted the defendant to prove

-2-

> that this crime was committed. Nor is it necessary to show that she did anything to lessen the danger to herself. In deciding whether or not she consented to the act you should consider all of the evidence and it may be helpful to you to think about the following questions.
>
> Was she free to leave and not take part in the act? Did the defendant threaten her with present or future injury? Did he display a weapon on you may also consider her age and maturity level or any other facts and circumstances that you deem relevant to make out that determination.
>
> If you find the evidence raises a reasonable doubt as to whether she consented to this act freely and willingly, then you must find the defendant not guilty. You may return a verdict of guilty of the alleged crime or not guilty.

*Id*. at 175-76. Both defense counsel and the prosecution accepted the trial court's instructions as given and confirmed that they had no objections to those instructions. *Id*. at 182.

Following deliberations, the jury found Petitioner guilty of one count of kidnapping. The trial court subsequently sentenced him to 30 to 60 years imprisonment. In imposing this sentence, the court exceeded the recommended minimum guideline range of 81 to 153 months imprisonment. The court did so based upon the victim's young age, the circumstances of the crime, and the psychological impact on the victim and her family.

Following his conviction and sentencing, Petitioner pursued a direct appeal in the Michigan appellate courts, raising several claims of error, including those contained in the present petition. The Michigan courts ultimately affirmed his conviction and sentence. *See* Pet'r Mem. of Law 1-3, Pet'r App'x A-H.

Petitioner, through counsel, thereafter filed the present habeas petition with this Court, asserting the following claims as grounds for relief:

> I.  Petitioner's sentence exceeded the *Blakely* "statutory maximum" sentence by 18.75 years based on facts determined by the judge and not by the jury contrary to the Fifth, Sixth, and Fourteenth Amendments.

II. The trial court's failure to instruct the jury that the prosecution had the burden of proving the lack of consent and its instruction to the jury indicating that Petitioner had the burden of raising a reasonable doubt as to consent improperly shifted the burden of proof to Petitioner, denying him due process of law.

Respondent, through the Attorney General's Office, has filed an answer to the petition contending that it should be denied.

II

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because Petitioner's application was filed after that date, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (quotations omitted). Additionally, this Court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to [the Supreme Court's] clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision

unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

III

Petitioner first asserts that he is entitled to habeas relief because his sentence is a departure above the sentencing guideline range and violates his Fifth, Sixth, and Fourteenth Amendment rights. Respondent contends that this claim is not cognizable and lacks merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner asserts that the trial court erred in departing above the sentencing guideline range, he fails to state a cognizable claim on federal habeas review because it is a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in departing above the guideline range does not merit federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780

(1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Moreover, even if Petitioner's sentence exceeds the minimum guideline range, it is within the statutory maximum of life imprisonment. *See* Mich. Comp. Laws § 750.349. Petitioner has failed to state a claim upon which federal habeas relief may be granted in this regard.

Petitioner also cannot prevail on his claim that he is entitled to habeas relief because the trial court relied upon facts not found by the jury nor admitted by him in imposing his sentence in violation of the Fifth, Sixth, and Fourteenth Amendments. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). Petitioner cites *Apprendi, Blakely*, and *Booker* in his pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool*, 684 N.W.2d 278, 286 n. 14 (Mich. 2004) (citing Mich. Comp. Laws § 769.8). The minimum sentence for a defendant is based

on the applicable sentencing guidelines ranges. *Id*. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 666 N.W.2d 231, 237 n. 7 (Mich. 2003) (citing Mich. Comp. Laws § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool*, 684 N.W.2d at 286 n. 14 . In *People v. Drohan*, 715 N.W.2d 778, 789-92 (Mich. 2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum.

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov. 30, 2006). Habeas relief is therefore not warranted on this claim.

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to instruct the jury that the prosecution had the burden of proving lack of consent and its instruction to the jury that Petitioner had the burden of raising a reasonable doubt as to consent improperly shifted the burden of proof to the defense. Respondent contends that this claim is barred by procedural default and lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *Wainwright*, 433 U.S. at 85; *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001); *see also Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The United States Court of Appeals for the Sixth Circuit employs a four-part test to determine whether a state procedural default bars federal habeas review. The inquiry is whether:

> (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief.

*Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003) (citing *Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998)). All four parts of the test are met here. The Michigan Court of Appeals rendered the last reasoned opinion on this issue. In dismissing this claim, the court relied upon defense counsel's agreement with the instructions as given, i.e., waiver of the issue and the failure to object at trial. *See Montes*, 2002 WL 484613 at *3 n. 1. Under Michigan law, a defendant waives instructional errors by expressly agreeing with the jury instructions as given by the trial court. *See People v. Carter*, 612 N.W.2d 144, 148-50 (Mich. 2000). The failure to make a contemporaneous objection is also a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 597 N.W.2d 130, 138 (Mich. 1999); *People v. Stanaway*, 521 N.W.2d 557, 579 (Mich. 1994); *see also Coleman v. Thompson*, 501 U.S. 722,

750-51 (1991). The Michigan Court of Appeals denied this claim based upon a procedural default – the acceptance of the instructions as given and the failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

To establish cause, Petitioner argues that defense counsel agreed to the trial court's instructions because the judge wanted to proceed with trial and did not provide counsel with sufficient time to research a proper instruction. This argument fails, however, because defense counsel could have placed an objection on the record for purposes of appeal even if the trial court insisted that the case proceed without further delay. Petitioner has not established cause. A federal court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See, e.g.*, *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Furthermore, even if Petitioner could establish cause, he cannot establish prejudice as this claim lacks merit. In order for habeas relief to be warranted on the basis of incorrect jury

instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v. Rivers*, 920 F.Supp. 769, 784 (E.D. Mich. 1996). State law instructional errors rarely form the basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 71-72.

The consent instruction given in this case did not render Petitioner's trial fundamentally unfair. The trial court informed the jury that consent could be a defense to the charges and instructed the jurors that they should acquit Petitioner if they believed that the child consented to Petitioner's actions. The trial court's instructions, particularly when viewed as a whole, did not improperly shift the burden of proof to the defense nor deprive Petitioner of a substantial defense. The trial court clearly instructed the jury that Petitioner was presumed innocent and that the prosecution had the burden of proving each element of the offense beyond a reasonable doubt. Furthermore, given the overwhelming evidence of guilt presented at trial, any possible error in instructing the jury was harmless beyond a reasonable doubt. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (holding that a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict"); *see also Neder v. United States*, 527 U.S. 1, 10-12 (1999) (jury instruction errors are

subject to harmless error analysis).  Petitioner has thus failed to demonstrate prejudice as well as cause to excuse his default.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Murray*, 477 U.S. at 496.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner has made no such showing.  His jury instruction claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

IV

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See*

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his sentencing and jury instruction claims and that jurists of reason would not find the Court's ruling that the jury instruction claim is barred by procedural default debatable.

Accordingly, it is **ORDERED** that a certificate of appeal ability is **DENIED**.

It is further **ORDERED** that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

                                          s/Thomas L. Ludington  
                                          THOMAS L. LUDINGTON  
                                          United States District Judge

Dated: October 14, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2008.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS